NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-4980-11T2

JUNE G. VALENT,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and HACKETTSTOWN
COMMUNITY HOSPITAL,

     Respondents.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| June 5,2014 |
| APPELLATE DIVISION |

Submitted September 18, 2013 — Decided June 5, 2014

Before Judges Fuentes, Simonelli and Haas.

On appeal from the Board of Review, Department of Labor, Docket No. 321,223.

June G. Valent, appellant pro se.

John J. Hoffman, Acting Attorney General, attorney for respondent Board of Review (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Lisa N. Lackay, Deputy Attorney General, on the brief.)

Hackettstown Community Hospital has not filed a brief.

The opinion of the court was delivered by

FUENTES, P.J.A.D.

    June G. Valent appeals from the decision of the Board of Review denying her application for unemployment compensation

benefits. The Board found appellant was not entitled to unemployment benefits from January 2, 2011 to February 26, 2011, because her employer established she engaged in what the Board characterized as "simple misconduct connected to the work" under N.J.S.A. 43:21-5(b). We reverse. Appellant's employer did not prove appellant committed misconduct by refusing to submit to the flu vaccination policy for purely secular reasons. The Board's decision upholding appellant's termination unconstitutionally discriminated against appellant's freedom of expression by improperly endorsing the employer's religion-based exemption to the flu vaccination policy and rejecting the secular choice proffered by appellant.

I

The facts underlying this appeal are undisputed. Appellant was a registered nurse employed by Hackettstown Community Hospital (HCH). She started working as a nurse at HCH on a full-time basis on May 11, 2009. Effective September 21, 2010, Adventist Health Care, Inc., the corporate owners of HCH, issued a policy in its "Corporate Policy Manual" titled "Health Care Worker Flu Prevention Plan." The purpose of the policy was to enhance "health care worker vaccination rates and prevent[] the spread of the flu during the flu season or pandemic, to

patients, residents, [healthcare workers] and their families, as well as the community."

Participation with the flu vaccination directive was mandatory

> unless there [was] a documented medical <u>or religious</u> exemption. For those with an exemption, a declination form must be signed and accompanied with an appropriate note each year. In addition, regardless of where [employees] work, for those who must decline the flu vaccine, it will be mandatory to properly wear a facemask (available at the facility) during the entire flu season, to be determined by [employer] based on [Center for Disease Control] guidelines. Failure to comply with this policy will result in progressive discipline up to and including termination.
>
> [(Emphasis added).]

Appellant refused to be vaccinated for the flu. In communicating her decision not to take the flu vaccine, appellant did not allege an exemption based on medical or religious reasons. She did agree, however, to wear a mask during flu season, as specifically authorized by the employer's policy for those who seek a religious-based exemption. Despite this concession, HCH terminated appellant's employment as a nurse based on her refusal to be vaccinated against the flu, presumably based on purely secular personal reasons, since appellant did not claim a religious-based exemption.

A-4980-11T2

The deputy claims examiner found appellant eligible for unemployment compensation benefits. The employer appealed. The Appeal Tribunal reversed the deputy claims examiner's decision after a telephonic hearing in which appellant did not participate. On appellant's appeal, the Board reversed and remanded the matter to the Appeal Tribunal to give appellant the opportunity to participate in the hearing.

The Appeal Tribunal conducted another telephonic hearing; this time both appellant and her employer participated. The Appeal Tribunal reversed its earlier ruling and found appellant eligible to receive unemployment compensation benefits. After reviewing the relevant regulatory standards, the Appeal Tribunal held as follows:

> In this case, the employer elected to separate the claimant from employment because she would not take a flu vaccination. The claimant's preference not to take a vaccine for her own personal health convictions simply did not demonstrate a willful disregard or neglect of the employer, as the claimant demonstrated an intent to otherwise reconcile the matter. <u>The claimant offered to wear a mask. Furthermore, the employer permitted employees to work without the vaccine provided they wear a mask and have a letter from a spiritual leader, namely a non[-]medical professional, which further buttresses the Tribunal's conclusion that the claimant was not discharged for misconduct connected to the work.</u> Ultimately, the claimant was discharged for reasons which do not constitute misconduct

A-4980-11T2

> in connection with the work and no disqualification for benefits arises under N.J.S.A. 43:21-5(b). The employer has not presented evidence sufficient to disturb the determination of the Deputy that the claimant was otherwise eligible for benefits from 01/02/11; therefore, those findings will not be disturbed.
>
> [(Emphasis added).]

Acting on the employer's appeal, the Board reversed finding appellant violated the employer's flu vaccination policy. Although the Board recognized that appellant agreed to wear a mask, as specifically provided for in the policy, the Board found "she failed to provide the required documentation." (Emphasis added). Although, as the Appeal Tribunal correctly noted, the employer's vaccination policy exempted employees for medically unrelated reasons as long as they provided religion-based documentation, the Board found appellant "continued to refuse getting vaccinated despite her own doctor's disagreeing with her decision and refusing to give her medical documentation."

Under these circumstances, the Board found "the employer's policy requiring employees to be vaccinated was not unreasonable." The Board concluded appellant was thus disqualified to receive unemployment compensation benefits for the period between January 2, 2011 through February 26, 2011,

based on "simple misconduct connected to the work in accordance with N.J.S.A. 43:21-5(b)."

## II

Our standard of review of a decision made by a State administrative agency is well-settled.

> An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record. Three channels of inquiry inform the appellate review function: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Herrmann, 192 N.J. 19, 27-28 (2007) (internal citations omitted).]

We are bound to defer to an administrative agency's decision that adheres to these standards because of the agency's expertise and superior knowledge in the field. Id. at 28.

Appellant argues HCH did not establish grounds to terminate her employment because she complied with all of the material provisions of the flu vaccination policy. Appellant also argues the Board's endorsement of the employer's flu vaccination policy

that contains a religious-based exemption violated her constitutionally protected right to freedom of expression under the First Amendment of the Constitution of the United States. Finally, appellant argues her refusal to be vaccinated under these circumstances was an isolated incident of minor significance and does not warrant a seven-week disqualification of her unemployment benefits.

We agree with appellant and reverse. Based on the evidence presented, the Board's decision finding appellant disqualified for unemployment benefits for simple misconduct under N.J.S.A. 43:21-5(b), based exclusively on her refusal to comply with her employer's flu vaccination policy, is arbitrary, capricious, and unreasonable. The net outcome of the Board's ruling unconstitutionally violated appellant's freedom of expression by endorsing the employer's religion-based exemption to its flu vaccination policy.

By exempting employees who can produce religion-based documentation, the employer's flu vaccination policy is clearly not exclusively driven by health-related concerns. The Board cannot therefore accept the policy as a proper basis to find appellant committed an act of insubordination of sufficient magnitude to render her disqualified for unemployment compensation benefits under N.J.S.A. 43:21-5(b).

N.J.A.C. 12:17-10.6 describes the standard for denying unemployment compensation benefits when the applicant is discharged or suspended for insubordination or violation of an employer's rule. The regulation provides as follows:

> (a) An individual shall be considered to have been discharged for an act of misconduct where it is established that he or she has committed an act of misconduct as defined in N.J.A.C. 12:17-10.2 and met one of the following:
>
> 1. Refused without good cause to comply with instructions from the employer, which were lawful, reasonable, and did not require the individual to perform services beyond the scope of his or her customary job duties;
>
> 2. Acted beyond the expressed or implied authority granted to the individual by the employer; or
>
> 3. Violated a reasonable rule of the employer which the individual knew or should have known was in effect.
>
> [N.J.A.C. 12:17-10.6.]

N.J.A.C. 12:17-10.2 defines "misconduct" as follows:

> (a) For an act to constitute misconduct, it must be improper, intentional, connected with one's work, malicious, and within the individual's control, and is either a deliberate violation of the employer's rules or a disregard of standards of behavior which the employer has the right to expect of an employee.
>
> (b) To sustain disqualification under this section, the burden of proof is on the employer to show that the employee's actions

constitute misconduct. However, in the case of gross misconduct, the following apply:

1. Where an employer provides sufficient evidence to establish that a claimant was discharged for gross misconduct connected with the work, prosecution or conviction shall not be required to sustain that the claimant has engaged in gross misconduct.

2. If an individual has been convicted of a crime of the first, second, third or fourth degree under the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq., in a court of competent jurisdiction, such conviction shall be conclusive as to a finding of gross misconduct.

(c) "Connected with the work" means not only misconduct that occurs in the course of employment during working hours, but includes any conduct which occurs after working hours or off the employer's premises where there is substantial evidence that the conduct adversely impacts the employer or the individual's ability to perform the duties of his or her job.

[(Emphasis added).]

Against these standards, the Appeal Tribunal originally found appellant's employer had not sustained its burden of proving appellant's refusal to abide by its flu vaccination policy constituted "misconduct connected with the work." We agree with the findings and analysis of the Appeal Tribunal. The religion-based exemption irrefutably illustrates that the flu vaccination policy is not based exclusively on public health concerns because an employee claiming an exemption is only

A-4980-11T2

required to sign a form attesting to his or her faith-based reason for refusing to be vaccinated, "accompanied with an appropriate note" from a religious leader. These requirements are facially unrelated to public health issues, patient safety concerns, or scientifically valid reasons for the containment of the flu virus. The religion exemption merely discriminates against an employee's right to refuse to be vaccinated based only on purely secular reasons.

Our Supreme Court has clearly cautioned that "[g]overnment may not, under the First Amendment, prefer one religion over another or religion over non-religion but must remain neutral on both scores." Marsa v. Wernik, 86 N.J. 232, 245 (1981) (citing Sch. Dist. of Abington Twp. v. Schempp, 374 U.S. 203, 216, 83 S. Ct. 1560, 1568, 10 L. Ed. 2d 844, 855 (1963)). Under these circumstances, by denying appellant's application to receive unemployment benefits based only on her unwillingness to submit to the employer's religion-based policy, the Board violated appellant's rights under the First Amendment.

The record is uncontroverted that the employer did not produce evidence showing appellant's refusal to comply with its flu vaccination policy for purely secular reasons adversely impacted the hospital or otherwise undermined appellant's ability to perform her job as a nurse. Thus, the employer did

not prove appellant was guilty of misconduct within the meaning of <u>N.J.A.C.</u> 12:17-10.2(c).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4980-11T2