**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1574
_____

CLAUDE TOWNSEND, JR.,
                                   Appellant

v.

COUNTY OF MERCER; AFSCME LOCAL 2287
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-04960)
District Judge:  Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2025

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: May 30, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Claude Townsend, Jr., appeals pro se from the District Court's decision granting summary judgment against him in this employment-related civil-rights case. For the reasons that follow, we will affirm the District Court's judgment.

I.

Townsend was employed by the County of Mercer ("the County") as a motor vehicle operator who was responsible for transporting senior citizens and disabled individuals to the hospital, dialysis appointments, and other destinations. In August 2021, the County enacted a vaccination policy ("the Policy") for all its employees in response to the COVID-19 pandemic. The Policy required County employees to either get vaccinated against COVID-19 or submit to weekly COVID-19 testing at the County's expense. The County allowed employees to request an exemption from the Policy for medical reasons or sincerely held religious beliefs. "Any [non-exempted] employee who did not provide proof of vaccination or submit to weekly tests was to be suspended without pay, subject to termination, until the employee met either condition." Dist. Ct. Mem. Op. entered Feb. 29, 2024, at 2 [hereinafter Dist. Ct. Op.].

On September 1, 2021, Townsend sent a letter to the County, stating that, as an "American Indian," he "do[es] not agree with the Covid or flu shots." Dist. Ct. Dkt. No. 25-4, at 23. The County treated this letter as a request for an exemption from the Policy and, on September 20, 2021, denied that request, explaining that granting him an

2

exemption "would jeopardize the security and health of fellow county employees, citizens, and/or patrons." Id. at 31. The County warned Townsend that his failure to comply with the Policy "will result in an immediate suspension without pay pending termination." Id. A few days later, Townsend filed a grievance with AFSCME Local 2287 ("the Union"), claiming that the Policy was "unconstitutional." Id. at 37.

On September 30, 2021, "the County issued Townsend a Preliminary Notice of Disciplinary Action, charging him with violating the Policy and indicating that the County would be seeking his termination." Dist. Ct. Op. 3. A few days after that, Townsend filed another grievance with the Union. On October 15, 2021, a disciplinary hearing was conducted, during which Townsend was represented by the Union's President. Townsend testified "that he had Native American heritage and he believed that vaccination and testing w[ere] contrary to his heritage and to his family's traditions, [but] he did not specify further." Dist. Ct. Dkt. No. 25-4, at 56. On October 20, 2021, the Hearing Officer issued a written decision finding that the County had met its burden to terminate Townsend's employment based on his failure to comply with the Policy. On October 29, 2021, the County provided Townsend with a copy of the Hearing Officer's decision and notified Townsend that his termination was effective October 1, 2021.

In light of Townsend's termination, he subsequently filed a pro se civil-rights complaint in the District Court against the County and the Union, raising claims under the United States Constitution, Title VII of the Civil Rights Act of 1964, and New Jersey

3

state law. After discovery, each of the parties moved for summary judgment. On February 29, 2024, the District Court issued a 20-page opinion and an accompanying order granting the defendants' motions for summary judgment and denying Townsend's cross-motion. This timely appeal followed.[1]

## II.

On appeal, Townsend has filed a three-page brief that essentially includes only two paragraphs of argument.[2] Although those paragraphs are disjointed and difficult to follow, we have done our best to liberally construe them.

One of Townsend's arguments is that the District Court "neglected to apply" Valent v. Board of Review, Department of Labor, 91 A.3d 644 (N.J. Super. Ct. App. Div. 2014), a state-court case about unemployment compensation benefits. The District Court

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's decision is plenary. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

[2] Townsend's brief also includes a section comprised of a laundry list of citations to various cases and statutory provisions. See Townsend's Br. 2. But he has not explained how those authorities impact this appeal.

addressed that decision, indicating that it did not control in Townsend's case.  See Dist.

Ct. Op. 16.  We see no reason to reach a contrary conclusion.

Even setting aside the fact that Valent is not binding on this Court (or the District

Court), that case is distinguishable from this one.  Although both cases involved

vaccination policies (in Valent it was a flu-vaccination policy), the dispositive issue in

Valent was whether the appellant's discharge from employment satisfied the standard set

forth in New Jersey Administrative Code § 12:17-10.2.  See Valent, 91 A.3d at 648.  That

provision is not at issue in Townsend's case.  Furthermore, whereas the employee's

discharge in Valent appeared to hinge on the fact that she had sought a secular (as

opposed to a religious) exemption from the policy, see id. at 645-48, Townsend points to

no evidence that the County denied his exemption request because it was not religion-

based.  Rather, as noted above, the County denied his request because granting it "would

jeopardize the security and health of fellow county employees, citizens, and/or patrons."

Dist. Ct. Dkt. No. 25-4, at 31.[3]

Townsend also appears to argue that he has a fundamental right to refuse the

COVID-19 vaccination.  This argument not only lacks merit, see Child.'s Health Def.,

Inc. v. Rutgers, the State Univ. of N.J., 93 F.4th 66, 78 (3d Cir. 2024) ("As federal courts

have uniformly held, there is no fundamental right to refuse vaccination."), but it also

---

[3] Townsend has not put forth any evidence suggesting that the County's stated reason for the denial of his exemption request was merely a pretext for discrimination.

misses the point. The County did not require Townsend to get a COVID-19 vaccination. Rather, it required him to get vaccinated *or* submit to weekly COVID-19 testing at the County's expense. He has failed to show that his being required to choose from one of these two options violated his constitutional or statutory rights.

We have carefully considered Townsend's other arguments in his brief and conclude that none has merit. Accordingly, and for substantially the reasons set forth in the District Court's thorough and cogent opinion, we will affirm the District Court's judgment.